SAVOY, Judge.
This is a workmen’s compensation suit in which plaintiff appeals from a judgment of the district court which sustained a plea of prescription of one year under the provisions of LSA-R.S. 23:1209.
Plaintiff sued his employer, Dresser Industries Valve and Instrument Division, and its compensation insurer, Liberty Mutual Insurance Company, on November 7, 1969, for workmen’s compensation, alleging that his work “caused his heart condition to become progressively worse”, rendering him permanently disabled. Plaintiff also alleged he was granted a leave of absence from Dresser because of a heart condition *540 in September of 1968. He also alleged he was paid compensation through November, 1968.
On the trial of defendants’ plea of prescription, it was established that plaintiff’s employment was terminated on September 9, 1968, for the reason that plaintiff had to go to Houston, Texas, for heart surgery. This was due to a congenital condition and was not due to an accident or injury which occurred while in Dresser’s employment. The record also reveals that plaintiff was never paid workmen’s compensation, but was paid certain health and accident benefits under a group policy with Travelers.
In his brief filed in this Court, counsel for appellant contends that the district judge committed error in maintaining the defendants’ plea of one year prescription. As authority for his position, counsel relies on the cases of Mottet v. Libbey-Owens-Ford Glass Co., 220 La. 653, 57 So.2d 218; and Anderson v. Marion Plumbing Company, 236 So.2d 299 (La.App. 4 Cir. 1970).
The instant case is distinguishable from the Mottet and Anderson cases, supra, in that in those cases the respective plaintiffs came within the exception provided for in LSA-R.S. 23:1209, which recites:
“ * * * where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, * *
In Mottet and Anderson, supra, the court found the plaintiffs to have come within the exception to LSA-R.S. 23:1209. In the instant case we have no proven accident. Plaintiff was dismissed more than one year prior to the filing of the suit.
Accordingly, we affirm the judgment of the district court at appellant’s costs.
Affirmed.